IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARGENIS DE LA CRUZ-TELLEZ,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:16-CV-1667-L<br>3:10-CR-81-L (01) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

De La Cruz-Tellez pleaded guilty to unlawfully reentering the United States in violation of 8 U.S.C. § 1326(a). Under the 2009 edition of the U.S. Sentencing Guidelines ("Guidelines"), which was in effect when De La Cruz-Tellez was sentenced, his criminal history category was VI. He was also subject to a sixteen-level enhancement due to his prior conviction for robbery–a crime of violence. *See* U.S.S.G. § 2L1.2(a). His resulting Guideline-sentence was a prison term of 84 to 105 months. The Court sentenced him to prison for 96 months.

After an unsuccessful direct appeal, De La Cruz-Tellez filed this 28 U.S.C. § 2255 motion. He claims only that the Court erred in applying § 2L1.2(a)'s sixteen-level enhancement for his prior robbery conviction. More specifically, he argues that § 2L1.2(a) borrows the

definition of a "crime of violence" from 18 U.S.C. § 16, and that both provisions "suffer[] from the same vagueness" that the Supreme Court determined was unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## II. Discussion

De La Cruz-Tellez argues that § 2L1.2 of the Guidelines is void for vagueness. However, "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 891 (2017). *Beckles* forecloses De La Cruz-Tellez's argument, on collateral review, that the § 2L1.2 of the Guidelines is void for vagueness. *See Estanislao v. United States*, No. 4:16-cv-04130, 2017 WL 2588078, *2 (C.D. Ill. June 14, 2017) (denying a § 2255 motion that challenged § 2L1.2 of the Guidelines as unconstitutionally vague because "the guidelines are not subject to vagueness challenges under the Due Process Clause); *Alvarez-Herrera v. United States*, No. 16-cv-5384, 2017 WL 1097173, *6 (C.D. Cal. Mar. 23, 2017) (same). Therefore his argument lacks merit.

De La Cruz-Tellez also argues that § 2L1.2 borrows from 18 U.S.C. § 16(b) to define the phrase "crime of violence," and that § 16 is itself unconstitutionally vague. His argument lacks merit for at least two reasons. First, De La Cruz-Tellez's robbery conviction qualified as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), not under § 2L1.2(b)(1)(c)'s definition of an "aggravated felony"–the section that incorporates § 16(b)'s definition of a crime of violence. Unlike § 2L1.2(b)(1)(c), § 2L1.2(b)(1)(A)(ii) does not rely on § 16(b)'s definition of a crime of violence. Instead, the commentary to § 2L1.2(b)(1)(A)(ii) provides the definition of a "crime of violence" and names several offenses–including robbery–that so qualify. *See* U.S.S.G. § 2L1.2, cmt. n(1)(B)(iii). And, as discussed above, De La Cruz-Tellez cannot here successfully challenge

the advisory Guideline's definition of a crime of violence as unconstitutionally vague. *See Beckles*, 137 S. Ct. at 891. Second, there is no merit to the argument that § 16(b) is void for vagueness. The Fifth Circuit, sitting en banc, recently held that "18 U.S.C. § 16(b) is not unconstitutionally vague." *Gonzalez-Longoria v. United States*, 831 F3d 670, 672 (5th Cir. 2016) (en banc). Accordingly, De La Cruz-Tellez is not entitled to relief on his § 2255 motion.

### III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this ___ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).